IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KACEY L. PHIFER                                                                                    PLAINTIFF

NO. 1:18CV00236-JMV

NANCY BERRYHILL
*Acting Commissioner of Social Security*                                                DEFENDANT

## FINAL JUDGMENT

      This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

      Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ committed multiple errors that prejudiced the claimant, and the ALJ's decision is not supported by substantial evidence. First, the ALJ erred by conflating the claimant's anxiety and depression with her "head injury," i.e., her cognitive impairment, and failed to properly consider limitations associated with the claimant's anxiety and depression when she crafted her residual functional capacity ("RFC"). Second, the ALJ failed to thoroughly consider and properly assign weight to certain of the claimant's treating psychiatrist's opinions. Indeed, Dr. Chandra Miller's opinions that the claimant had a marked limitation in ability to demonstrate reliability and would miss more than four work days per month were not contradicted by any

examining physician's opinion and appear to be supported by Dr. Brian Thomas's assessment that the claimant's "consistency may be somewhat questionable." Moreover, the ALJ failed to give good reasons for rejecting Dr. Miller's opinions. The ALJ's conclusion that Dr. Miller's records often showed improvement and normal function ignore the labile nature of the claimant's mood over the longitudinal record and the fact that any improvement occasioned by anti-depressant medication was short-lived. *See, e.g.,* Tr. 17F, p.12.

On remand, the ALJ shall properly consider the effects of the claimant's anxiety and depression along with her other impairments on her ability to work. The ALJ must reevaluate Dr. Miller's medical source statement with respect to <u>each</u> limitation she assessed in view of a careful assessment of Dr. Miller's treatment records and the other evidence of record. Before the ALJ rejects or assigns little weight to any of Dr. Miller's opinions regarding the multiple mental limitations she assigned, the ALJ must articulate good cause for rejecting any limitation or assigning it little weight. Additionally, the ALJ must obtain from a medical consultant a mental RFC assessment based on all the medical evidence of record. And, if necessary, the ALJ will seek supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform in view of her limitations. Ultimately, the ALJ must issue a new decision and may conduct any proceedings that are not inconsistent with this decision.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 10th day of March, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE